UNITED STATES of America,
Plaintiff,

v.

Douglas DEWOODY, Defendant.

No. 02 CR 550.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 25, 2002.

Patrick C. Pope, United States Attorney's Office, Chicago, IL, for Plaintiff.

Jennifer S. Vollen, Federal Defender Program, Stephen M. Komie, Komie & Associates, Donna Ann Hickstein–Foley, Foley and Foley, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendant Douglas DeWoody is charged with traveling across state lines for the purpose of engaging in sex with a minor. He moves to suppress electronic communications offered by the United States on the grounds that the government maliciously failed to record the initial contact between the defendant and a law enforcement officer posing as a victim. Because Mr. DeWoody has failed to make a prima facie showing of illegality, I deny the motion without hearing.

### I.

On February 13, 2002, Detective Timothy Holder of the Palos Heights Police Department, using the screen name "VickiSue14," entered an internet chat room called "I Love Older Men." Mr. DeWoody was also visiting this chat room, using the screen name "Hot2trottttt." Detective Holder and Mr. DeWoody began a private conversation. Over the course of this and several subsequent conversations, Mr. DeWoody, a resident of Las Vegas, Nevada, began making explicit plans to visit "VickiSue14" in the Chicago area in order to initiate a sexual relationship. Mr. DeWoody also attached nude pictures of him-

self and pornographic images depicting underage children to his e-mails. Mr. De-Woody was arrested after checking into a hotel in Tinley Park, Illinois, where he had agreed to meet "VickiSue14." The belongings he brought with him to Illinois included fifty condoms, lubricant, a video camera, a Polaroid camera, a laptop containing child pornography, and a notebook listing the internet screen names, physical attributes, and younger siblings of some eighty other children.

## II.

The dispute at hand arises from the fact that the initial portion of the first conversation between "VickieSue14" and "Hot2trottttt" was not recorded. The United States claims that this omission was due to a technical problem with the software used by the Palos Heights Police Department to record online chats. Mr. DeWoody asserts that the police either deliberately chose not to record the beginning of the conversation or later destroyed the recording of that portion of the transcript, which allegedly contained exculpatory evidence essential to an entrapment defense. Mr. DeWoody claims that because the government acted in bad faith to suppress evidence favorable to him, the entire electronic transcript must be excluded.

When moving to suppress evidence, the defendant bears the burden of making a prima facie showing of illegal action by the government in obtaining the evidence. *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir.1992). Reliance on "vague, conclusory" allegations is not sufficient to meet this standard. *Id.* at 1212. But vague, conclusory allegations are exactly what Mr. DeWoody offers in his motion. He alleges that the missing portion of the disputed conversation contains exculpatory statements essential to his entrapment defense, but does not say what those statements are. Furthermore, he

has not provided a supporting affidavit swearing to those facts he does allege. Other courts have denied, without hearing, motions to suppress on similar facts. *See, e.g., United States v. Mallard*, No. 93 CR 566, 1994 WL 22958, at *2 (N.D.Ill. Jan. 25, 1994) (Williams, J.); *United States v. Robinzine*, No. 93 CR 486, 1993 WL 443394, at *2 (N.D.Ill. Oct. 29, 1993) (Plunkett, J.). Thus, the defendant has not met his burden of making a prima facie showing of illegal government action justifying suppression of relevant evidence.

The motion to suppress electronic communications is DENIED.